IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RACHEL KENNEDY AND | : | CIVIL ACTION |
| SEAN KENNEDY | : | NO. 15-2221 |
| v. | : | |
| | : | |
| ALLSTATE PROPERTY AND | : | |
| CASUALTY INSURANCE CO., et al. | : | |
| | : | |
| O'NEILL, J. | : | July 8, 2015 |

### <u>MEMORANDUM</u>

Plaintiffs Rachel Kennedy and Sean Kennedy bring this action alleging various state law claims against defendants Allstate Property and Casualty Insurance Company, Allstate Insurance Company, Allstate Fire and Casualty Insurance Company ("Allstate defendants") and Allstate employees Kevin Broadhead, Lester Waxler and Brandon McMillan ("adjuster defendants"). Now before me are plaintiffs' motion to remand (Dkt. No. 9), defendants' response (Dkt. No. 10), plaintiffs' reply (Dkt. No. 11) and defendants' surreply (Dkt. No. 12). For the reasons that follow, I will grant plaintiffs' motion.

### BACKGROUND

On June 28, 2007, Rachel Kennedy was injured in a car accident. <u>See</u> Dkt. No. 9-1 at ¶¶ 24-26. Plaintiffs settled with the tortfeasor. <u>See id.</u> at ¶ 30. Plaintiffs had an underinsured motorist (UIM) policy with Allstate. <u>See</u> Dkt. No. 1 at ECF 1; Dkt. No. 9-1 at ¶ 30. Plaintiffs' underinsured motorist claims were arbitrated on December 9, 2013. The arbitrators awarded plaintiffs $625,000 on December 16, 2013. Dkt. No. 9-1 at ¶ 213, <u>citing</u> Ex. JJJJ. Plaintiffs allege that defendants improperly evaluated their underinsured motorist claims and engaged in intentional delay, misrepresentation and fraud in the course of processing, investigating and arbitrating their claims. <u>See id.</u> at ¶¶ 240-48.

Plaintiffs also allege that individual adjuster defendants affirmatively misrepresented and concealed material facts from them in order to delay the resolution of their claims. See, e.g., id. at ¶¶ 96, 134, 215, 228-31, 240. Plaintiffs allege the purpose of these misrepresentations was to induce a lower settlement by causing plaintiffs to suffer increasing financial hardship from the lack of payment under their insurance policy. See id. Adjuster defendants sent plaintiffs 29 letters regarding the status of the investigation of plaintiffs' claims dated between August 16, 2010 and December 17, 2013. See id. at ¶ 58, citing Ex. P; id. at ¶ 214, citing Ex. KKKK. Plaintiffs allege these letters falsely stated that the investigation into their claims was ongoing. See id. at ¶ 240. Indeed, plaintiffs allege Broadhead sent them a letter stating that the processing of their claim was "concluding" and would be "resolved in 30 days or sooner" despite the entry of an arbitration award against defendants the day before. See id. at ¶ 214, citing Ex. KKKK.

On October 10, 2014, plaintiffs filed an action against Allstate defendants in federal court which plaintiffs later voluntarily withdrew. See Dkt. No. 11 at ECF 33; Dkt. No. 1 at ECF 7; Kennedy v. Allstate (E.D. Pa.), No. 14-5799, Dkt. Nos. 1, 8. On December 16, 2014, plaintiffs commenced the present action against Allstate defendants and individual adjuster defendants by filing a writ of summons in the Delaware County Court of Common Pleas. Dkt. No. 1 at ECF 1. Plaintiffs engaged in pre-complaint discovery on their claims against adjuster defendants. See Dkt. No. 9 at ECF 1. Plaintiffs filed their complaint in state court on March 27, 2015. See Dkt. No. 9-1.

On April 24, 2015, defendants filed a notice of removal claiming that adjuster defendants were fraudulently joined in order to defeat federal diversity jurisdiction. See Dkt. No. 1. Plaintiffs then filed their motion to remand. The parties do not dispute that plaintiffs and adjuster defendants are Pennsylvania citizens, that Allstate defendants are Illinois citizens and

that the jurisdictional amount in controversy has been met.  <u>See</u> Dkt. No. 9-1 at ¶¶ 1, 2, 4, 6, 14-16; Dkt. No. 1 at ¶¶ 12-15.

**STANDARD OF REVIEW**

A defendant has the statutory right to remove a civil action from state court if the case could have been brought originally in federal court.  <u>See</u> 28 U.S.C. § 1441(a).  But "[t]he removing party . . . carries a heavy burden of showing that at all stages of the litigation the case is properly before the federal court." <u>Brown v. Jevic</u>, 575 F.3d 322, 326 (3d Cir. 2009).  When construing removal statutes "all doubts are to be resolved in favor of remand." <u>Id.</u>  Exercise of federal diversity jurisdiction "requires satisfaction of the amount in controversy requirement as well as complete diversity between the parties, that is, every plaintiff must be of diverse state citizenship from every defendant." <u>In re Briscoe</u>, 448 F.3d 201, 215 (3d Cir. 2006).  However, "fraudulent joinder represents an exception to the requirement that removal be predicated solely upon complete diversity." <u>Id.</u> at 215-16.

Joinder of a non-diverse defendant is fraudulent where "there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." <u>Id.</u> at 216, <u>citing</u> <u>Abels v. State Farm Fire & Cas. Co.</u>, 770 F.2d 26, 32 (3d Cir. 1985).  "In evaluating the alleged fraud . . . the district court must assume as true all factual allegations of the complaint.  It also must resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff." <u>Briscoe</u>, 448 F.3d at 217, <u>citing</u> <u>Batoff v. State Farm Ins. Co.</u>, 977 F.2d 848, 851 (3d Cir. 1992).  "[I]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." <u>Id.</u>  "To inquire" beyond

the issue of whether claims are colorable "into the legal merits would be inappropriate in this preliminary jurisdictional determination." Abels, 770 F.2d at 32-33. Lastly, even if "plaintiffs' motive for joining a [ ] defendant is to defeat diversity," that motive "is not considered indicative of fraudulent joinder." Id. at 32.

## DISCUSSION

Plaintiffs assert state law claims against adjuster defendants for negligence and violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law. Defendants argue that adjuster defendants were fraudulently joined because there are no colorable grounds supporting the claims against them under Pennsylvania law. As a threshold matter, "[a] court need only find that one claim is colorable against the non-diverse defendant to remand the action." Horne v. Progressive Advanced Ins. Co., No. 15-1029, 2015 WL 1875970, at *1 (E.D. Pa. Apr. 24, 2015). Because I find that plaintiffs have made colorable claims of negligence and under the UTPCPL against the non-diverse defendants, remand is warranted.

**I.      Negligence Claims against Adjuster Defendants**

   **A.      Cause of Action under Pennsylvania Law**

Defendants contend that an insured has no colorable cause of action for negligence against an insurance adjuster under Pennsylvania law because an insurance adjuster owes no duty of care to an insured. Dkt. No. 10 at ECF 10. Pennsylvania law is silent on the question of whether there is a cause of action for negligence against an insurance adjuster arising from the adjuster's handling of an insurance claim on behalf of the insurer. See Tippett v. Ameriprise Ins. Co., No. 14-4710, 2015 WL 1345442, at *4 (E.D. Pa. Mar. 25, 2015). In Tippett, the Court

dismissed a negligence claim asserted by an insured against an independent insurance adjuster[1] contracted by the insurer to prepare a damage loss estimate.  See id. at *4-5.  Without any Pennsylvania law on point, the Court considered the relevant law in other states and concluded that "[t]he Supreme Court of Pennsylvania is unlikely to impose a duty of care on adjusters to insureds."[2] Id. at *5.  While the Court reasoned that the "majority of state supreme courts to rule on the issue have determined an insured cannot bring a negligence claim against an independent insurance adjuster" it also noted that at least two states, New Hampshire and Alaska, found that insurance adjusters owe a duty of ordinary care to conduct adequate investigations of an insured's claims.  Id. at *4, citing Morvay v. Hanover Ins. Cos., 506 A.2d 333, 333 (N.H. 1986) and Cont'l Ins. Co. v. Bayless & Roberts, Inc., 608 P.2d 281, 283 (Alaska 1980).

Tippett was adjudicated on "a much different standard than extant here" on this motion to remand.  Carter v. Philip Morris Corp., 106 F. Supp. 2d 768, 772 n.9 (E.D. Pa. 2000).  In Carter the Court found that the plaintiff in a tort action did not fraudulently join a non-diverse defendant cigarette retailer with a diverse cigarette manufacturer.  Id. at 771.  The Court reasoned that the plaintiff had stated colorable claims for strict liability and negligence under Pennsylvania law against the retailer because there did "not appear to be any Pennsylvania case directly on point." Id.  The Court expressly considered the defendant manufacturer's argument that the plaintiff's negligence claim against the retailer was not colorable because "Pennsylvania law contains no such generalized duty under a negligence theory on product retailers" and concluded that such a "bald claim" about Pennsylvania law "will not suffice" where "the burden, particularly when the question is removal, is on [the defendant] to show that this claim is not colorable."  Id. at 773.

---

[1]    The parties dispute whether Tippett's holding would apply to the employee adjuster defendants in this case.  Cf. Dkt. No. 11 at ECF 12-13 with Dkt. No. 12 at ECF 8.

[2]    I "cannot find," however, that Tippett has "'establish[ed]' Pennsylvania law." Carter v. Philip Morris Corp., 106 F. Supp. 2d 768, 772 n.9 (E.D. Pa. 2000).

In <u>Hennessy v. Allstate Ins. Co.</u>, No. 13-6594, 2014 WL 1479127, at *2 (E.D. Pa. Apr. 14, 2014), the plaintiffs also asserted negligence and UTPCPL claims against individual employees of Allstate for allegedly sending "several misleading letters to the plaintiff's attorneys insisting that Allstate was continuing to conduct an investigation of the claims, when, in fact, the letters were actively concealing that Allstate was not investigating the claims at all." <u>Id.</u>  There, Allstate also removed the case to federal court and claimed that the individual employee defendants were fraudulently joined to defeat diversity jurisdiction.  The Court remanded, finding that to "determine the merits of these underlying claims would exceed the scope" of its task and that there was "colorable ground supporting the claims against the individual defendants." <u>Id.</u> at *3.

Finally, I note that "[t]he 'reign of law is hardly promoted' when a federal court 'is asked to decide an issue by making a tentative answer which may be displaced tomorrow by a state adjudication.'"  Dolores K. Sloviter, <u>A Federal Judge Views Diversity Jurisdiction Through the Lens of Federalism</u>, 78 Va. L. Rev. 1671, 1683 (1992), <u>quoting</u> <u>R.R. Comm'n of Tex. v. Pullman Co.</u>, 312 U.S. 496, 500 (1941) (Frankfurter, J.).  Absent the power to certify questions to the Pennsylvania Supreme Court, a district court will occasionally be forced to make predictions about unsettled Pennsylvania law.  <u>See</u> 210 Pa. Code § 63.8 (accepting certification of issues of state law to the Pennsylvania Supreme Court from the "United States Supreme Court or any United States Court of Appeals.").  But if "[t]he federal judge's prediction of state law in the absence of a dispositive holding of the state supreme court often verges on the lawmaking function of that state court," Sloviter, <u>supra</u>, at 1682, then it would be even more problematic to allow removal of a case presenting a novel question of state law where "there is even a

possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants." Briscoe, 448 F.3d at 217.

For all of these reasons, I find that there is at least "a possibility" that the Pennsylvania Supreme Court, construing state "substantive law in favor of the plaintiff" could decide that an insurance adjuster owes a duty of care to an insured that would be breached by failing to reasonably investigate an insured's claims and making misrepresentations regarding the ongoing status of the investigation. Id. Particularly where two states' supreme courts have reached that conclusion, defendants have hardly carried their "heavy burden of persuasion in making th[e] showing" that plaintiffs' claims are not colorable. Batoff, 977 F.2d at 851 (internal citation omitted). Again, "while other states may have decisive law on this issue, Pennsylvania does not" and absent any Pennsylvania law "expressly precluding a negligence suit against an insurance adjuster by an insured" I "may not at this stage of the litigation hold that" plaintiffs' negligence claim against adjuster defendants "is wholly insubstantial or frivolous." Gentile v. Travelers Pers. Ins. Co., No. 06-02286, 2007 WL 576663, at *2 (M.D. Pa. Feb. 21, 2007) (finding that a negligence claim against an insurance adjuster was colorable under Pennsylvania law and remanding the action to state court). Regardless of my opinions regarding the substantive question of state law on the "legal merits" I cannot allow those considerations to shift the outcome "in this preliminary jurisdictional determination." Abels, 770 F.2d at 32-33. Thus, I find that plaintiffs have stated at least a colorable claim for negligence against adjuster defendants under Pennsylvania law.

**B.     Gist of the Action**

Defendants contend that plaintiffs' negligence claims against adjuster defendants are in fact contract claims arising from plaintiffs' contractual relationship with Allstate defendants that

have been improperly recast as tort claims.  Dkt. No. 10 at ECF 18.  In Pennsylvania, the gist of

the action doctrine "precludes plaintiffs from re-casting ordinary breach of contract claims into

tort claims."  eToll, Inc. v. Elias/Savion Adver., Inc., 811 A.2d 10, 14 (Pa. Super. Ct. 2002).

Defendants argue that since plaintiffs' tort claims against Allstate defendants would be barred

under the gist of the action because they sound in contract, they are also barred as stated against

adjuster defendants.

    In Bruno v. Erie Ins. Co., 106 A.3d 48, 68 (Pa. 2014), the Pennsylvania Supreme Court

considered whether insureds were barred under the gist of the action doctrine from asserting

negligence claims against their insurer arising from misleading statements made by the insurer's

adjuster and contracted engineer about mold present in the plaintiffs' home that caused the

plaintiffs' injuries.  The Court stated that it "has consistently regarded the nature of the duty

alleged to have been breached, as established by the underlying averments supporting the claim

in a plaintiff's complaint, to be the critical determinative factor in determining whether the claim

is truly one in tort, or for breach of contract."  Bruno, 106 A.3d at 68.  Addressing the question

of how to construe a claim for negligence committed during the execution of contractual

obligations, the Court determined that under Pennsylvania law

> a negligence claim based on the actions of a contracting party in
> performing contractual obligations is not viewed as an action on
> the underlying contract itself, since it is not founded on the breach
> of any of the specific executory promises which comprise the
> contract.  Instead, the contract is regarded merely as the vehicle, or
> mechanism, which established the relationship between the parties,
> during which the tort of negligence was committed.

Id. at 70.  The Court concluded that because the plaintiffs alleged that the insurer, "during the

course of fulfilling these obligations through the actions of its agents, acted in a negligent

manner by making false assurances" that the "allegations of negligence facially concern [the

insurer's] alleged breach of a general social duty, not a breach of any duty created by the insurance policy itself." Id. at 71. At least one Pennsylvania court has expressly stated that an insurer's "[d]enial of a claim without first conducting an adequate investigation goes to negligence." Susich v. Prudential Prop. & Cas. Ins. Co., 35 Pa. D. & C. 4th 178, 182 (Com. Pl. 1998).

I find that there is at least "a possibility that a state court would find that the complaint states a cause of action" for negligence rather than one sounding in contract and decline to re-construe plaintiffs' claims under the gist of the action doctrine. Briscoe, 448 F.3d at 217. Here, plaintiffs allege that adjuster defendants made "false assurances" that their UIM claims were being investigated and plaintiffs incurred injury as a result. Bruno, 106 A.3d at 71. Assuming "as true all factual allegations of the complaint" and resolving "any uncertainties as to the current state of controlling substantive law in favor of the plaintiff," Briscoe, 448 F.3d at 217, it is possible that a Pennsylvania state court would find that plaintiffs' negligence claims have at least "alleged breach of a general social duty" based on the alleged misrepresentations and "not a breach of any duty created by the insurance policy itself." Bruno, 106 A.3d at 71. Thus, I find that the gist of the action doctrine does not prevent plaintiffs from stating at least a colorable claim under Pennsylvania law for negligence against adjuster defendants.

### C.    Statute of Limitations

Defendants argue that plaintiffs' negligence claims are barred by Pennsylvania's statute of limitations and therefore they cannot state colorable claims for negligence under Pennsylvania law. Dkt. No. 10 at ECF 23. Plaintiffs argue that Pennsylvania's discovery rule and fraudulent concealment rule would toll the statute of limitations in this case. Dkt. No. 11 at ECF 18. "[T]he statute of limitations defense may support a fraudulent joinder claim where the statute of

limitations 'unquestionably' precludes the possibility of relief." <u>Ross v. Wyeth</u>, No. 1203, 2004 WL 220861, at *5 (E.D. Pa. Jan. 12, 2004), <u>citing</u> <u>Gaul v. Neurocare Diagnostic, Inc.</u>, No. 02-2135, 2003 WL 230800, at *3 (E.D. Pa. 2003).  But "if there is at the least a realistic possibility that the statute of limitations has been tolled by . . . fraudulent concealment or another state law exception to the statute of limitations, the defendant cannot meet its burden of establishing fraudulent joinder."  <u>Id.</u> (internal citations omitted).

The discovery rule applies to toll the statute of limitations when there is an "inability of the injured, despite the exercise of reasonable diligence, to know that he is injured and by what cause" which is a "question [that] involves a factual determination as to whether a party was able, in the exercise of reasonable diligence, to know of his injury and its cause [and] ordinarily, a jury is to decide it." <u>Fine v. Checcio</u>, 870 A.2d 850, 858 (Pa. 2005).  The doctrine of fraudulent concealment "provides that the defendant may not invoke the statute of limitations, if through fraud or concealment, he causes the plaintiff to relax his vigilance or deviate from his right of inquiry into the facts." <u>Id.</u> at 860.

It must be reiterated that

> [t]he question of whether one of these two exceptions applies to the case at hand is not properly before this court.  Rather, what must be determined is whether there is a <u>possibility</u> that one or both of the exceptions apply.  In making this determination, one must remember that "[a] claim which can be dismissed only after an intricate analysis of state law is not so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction."

<u>Gaul</u>, 2003 WL 230800, at *4 (emphasis in original) (remanding the case because tolling exceptions to the Pennsylvania statute of limitations possibly applied), <u>citing</u> <u>Batoff</u>, 977 F.2d at 853.  In Pennsylvania, the statute of limitations for negligence, including claims sounding in "deceit or fraud," is two years.  42 Pa. Cons. Stat. Ann. § 5524(7).

Plaintiffs filed their writ of summons naming adjuster defendants in state court on December 16, 2014.  <u>See</u> Dkt. No. 1 at ECF 1.  Defendants contend that the latest factual allegations in the complaint against adjuster defendants Waxler and McMillan occurred in May, 2011.  Therefore, defendants' argue plaintiffs' negligence claims against Waxler and McMillan are time barred because their alleged negligent conduct occurred more than two years before plaintiffs brought their action.  <u>See</u> <u>id.</u> at ECF 6-7; Dkt. No. 10 at ECF 23.  First, plaintiffs do not concede that they are barred by the state statute of limitations because they have alleged that adjuster defendants were involved at "all relevant times" in the negligent failure to investigate their claims.  Additionally, plaintiffs make specific factual allegations pertaining to misleading statements made by adjuster defendant Broadhead as late as 2013.  <u>See, e.g.</u>, Dkt. No. 9-1 at ¶ 214, <u>citing</u> Ex. KKKK.  Thus, it is not "unquestionably" the case that plaintiffs brought their negligence claim against Broadhead outside the limitations period.  <u>Ross</u>, 2004 WL 220861, at *5.  Since I need only conclude there is a "possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants," <u>Briscoe</u>, 448 F.3d at 217, plaintiffs' claims against Broadhead are sufficient to reject defendants' contention that adjuster defendants were all fraudulently joined.

Alternatively, plaintiffs' allegations are sufficient to establish that a state court could possibly find one of the exceptions to the statute of limitations applies in this case.  Plaintiffs allege that adjuster defendants misrepresented that their investigation into plaintiffs' insurance claims was ongoing in order to induce plaintiffs to rely on those representations and incur financial harm.  <u>See, e.g.</u>, Dkt. No. 9-1 at ¶¶ 96, 134, 215, 228-31, 240.  These allegations suffice to establish that a state court could possibly find that discovery of adjuster defendants' underlying negligent conduct in failing to investigate plaintiffs' claims may have been

reasonably delayed by the adjusters' ongoing misrepresentations.  A Pennsylvania court might also determine that adjuster defendants' alleged fraudulent concealment of information about plaintiffs' claims caused plaintiffs to delay inquiry into the facts regarding the investigation.  At the very least, disposal of these tolling issues would involve "an intricate analysis of state law" and thus cannot be construed as "wholly insubstantial and frivolous" for the purposes of determining diversity jurisdiction.  Gaul, 2003 WL 230800, at *4.  Defendants have not carried their heavy burden to show fraudulent joinder.  Thus, to the extent defendants' contend the statute of limitations bars plaintiffs' negligence claims against adjuster defendants I find plaintiffs' claims are colorable under state law.

## II.     UTPCPL Claims

The "Pennsylvania UTPCPL prohibits 'unfair or deceptive acts or practices in the conduct of any trade or commerce.'"  Kapton v. Ohio Cas. Ins. Co., No. 14-69, 2014 WL 1572474, at *4 (W.D. Pa. Apr. 17, 2014) (finding "there is a possibility that the state court would find that Plaintiff's complaint states a cause of action against" insurance adjusters under the UTPCPL for misfeasance in investigating an underinsured motorist claim), citing 73 Pa. Stat. Cons. Ann. § 201-3.  Defendants contend that plaintiffs have not stated a colorable claim under the UTPCPL because (1) their claims are not cognizable against insurance adjusters under Pennsylvania law, (2) plaintiffs have failed to allege facts showing they justifiably relied on adjuster defendants' misrepresentations, (3) they have not sufficiently pled ascertainable loss and (4) their claims are barred by the economic loss and gist of the action doctrine.  Dkt. No. 10 at ECF 25-31.

First, multiple courts have concluded that claims under the UTPCPL against insurance adjusters are colorable under Pennsylvania law.  See Horne, 2015 WL 1875970, at *1, citing

Kapton, 2014 WL 1572474, Grossi v. Travelers Ins. Co., No. 9-1427, 2010 WL 483797 (W.D. Pa. Feb. 5, 2010), Ozanne v. State Farm Mut. Auto. Ins. Co., No. 11-00327, 2011 WL 1743683 (W.D. Pa. May 5, 2011); see also Hennessy, 2014 WL 1479127 (remanding UTPCPL claim against insurer's individual employees).  Second, on a motion to remand I do not inquire into the sufficiency of the pleadings on the element of justifiable reliance under the UTPCPL.  See Horne, 2015 WL 1875970, at *2 (concluding "whether Plaintiff adequately states justifiable reliance would necessarily require an assessment of the claim's merits, which we may not do").  Third, defendants contend that ascertainable loss under the UTPCPL cannot be premised on attorney's fees.  Regardless of the merits of that contention, plaintiffs have pled other harm besides attorney's fees such as harm to their credit ratings, the need to seek medical assistance from the state and financial hardship apart from the payment of attorney's fees as a result of adjuster defendants' conduct.  See Dkt. No. 9 at ECF 22-23; Dkt. No. 9-1 at ¶ 244.  Fourth, "application of the economic loss doctrine to UTPCPL claims is in flux in Pennsylvania." Horne, 2015 WL 1875970, at *1 n.1 (collecting cases).  Construing that uncertain state law in the favor of the plaintiffs as I am obliged to do, I find plaintiffs' "UTPCPL claims are not barred by the economic loss doctrine so as to permit a finding of fraudulent joinder." Id. at *2.  Thus, for the foregoing reasons I find that defendants have not carried their burden to show that plaintiffs have no colorable claim under the UTPCPL against adjuster defendants.

**III.    Intent to Prosecute**

Defendants argue that adjuster defendants are fraudulently joined because plaintiffs have "no real intention in good faith to prosecute the action against [adjuster defendants] or seek a joint judgment" against them.  Briscoe, 448 F.3d at 216 (internal citations omitted); Dkt. No. 10 at ECF 31.  Defendants argue that plaintiffs' lack of good faith is evidenced by their failure to

name adjuster defendants in the original complaint that they voluntarily withdrew despite knowing "a great deal about the role of the" adjuster defendants at that time of filing that complaint. Dkt. No. 10 at ECF 33. Despite defendants' contentions, Durkin v. Paccar, Inc., No. 09-4892, 2010 WL 176851 (E.D. Pa. Jan. 19, 2010) is not to the contrary. There, the Court grounded its finding of fraudulent joinder largely upon plaintiffs' litigation conduct after the non-diverse defendant was joined. Id. at *5. For example, in Durkin the plaintiff failed to even notify the fraudulently joined defendant of the opportunity to inspect the product at issue despite having properly notified all of the other defendants. Id. The Court reasoned that the plaintiff's failure to provide notice was an indication the plaintiff "did not intend to pursue a good faith claim against" the fraudulently joined defendant. Id. In this case, there are no analogous allegations of post-joinder litigation conduct that would indicate plaintiffs have no intention of pursuing their claims against adjuster defendants.

Further, even if a "plaintiffs' motive for joining a [ ] defendant is to defeat diversity" motive "is not considered indicative of fraudulent joinder." Abels, 770 F.2d at 32. Plaintiffs' "intent in suing originally" in federal court and then withdrawing to refile in state court "or in seeking remand [ ] is irrelevant to the present fraudulent joinder analysis" because "there is nothing improper about formulating and executing an effective litigation strategy, including selecting the most favorable forum for the client's case." Moorco Int'l, Inc. v. Elsag Bailey Process Automation, N.V., 881 F. Supp. 1000, 1006 (E.D. Pa. 1995); see also Sunbeam Prods., Inc. v. Liberty Mut. Ins. Co., No. 13-0313, 2013 WL 6079207, at *2 (W.D. Pa. Nov. 19, 2013) (same). Plaintiffs have stated colorable claims for negligence and violation of the UTPCPL against adjuster defendants. They have conducted pre-complaint discovery and attached exhibits to their complaint such as claims logs and letter correspondence containing alleged factual

misrepresentations in support of their claims against adjuster defendants.  See Hennessy, 2014 WL 1479127, at *2 (finding claims against insurer's individual employees were not frivolous in part because the complaint provided "specific factual allegations against the individual defendants, and attache[d] twenty documents either authored or received by them as exhibits").  Thus, I find that defendants have not carried their burden to show that plaintiffs have no good faith intention to prosecute this action against adjuster defendants.

## CONCLUSION

For the foregoing reasons, I find that defendants have not carried their burden on removal.  Plaintiffs have stated colorable claims for negligence and violations of the UTPCPL against adjuster defendants under Pennsylvania law.  Defendants have not shown plaintiffs do not intend to prosecute the action against adjuster defendants in good faith.  Defendants have not shown plaintiffs fraudulently joined adjuster defendants in this action to defeat diversity jurisdiction.  Thus, I will grant plaintiffs' motion to remand.

An appropriate Order follows.